# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

FRANCISCO GARCIA

(Name and Address of Defendant)

## CRIMINAL COMPLAINT

CASE NUMBER: 05M-1071-JGD

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about **March 14, 2005,** in **Suffolk** County, in the District of **Massachusetts** defendant did, (Track Statutory Language of Offense)

knowingly and intentionally and unlawfully import into the United States from a place outside thereof, over 500 grams of heroin, a Schedule I controlled substance.

in violation of Title **21** United States Code, Section(s) **952(a) and 960**.

I further state that I am a(n) **U.S. ICE Special Agent** and that this complaint is based on the following facts:
_Official Title_

See Attached Affidavit of Special Agent G. Ryan Arnold

Continued on the attached sheet and made a part hereof:   X Yes   ☐ No

_____
Signature of Complainant
G. Ryan Arnold
Special Agent
U.S. Immigration and Customs Enforcement

Sworn to before me and subscribed in my presence,

March 15, 2005
Date

Boston, Massachusetts
City and State

**JUDITH G. DEIN**
**UNITED STATES MAGISTRATE JUDGE**

_____
Signature of Judicial Officer

Name and Title of Judicial Officer

## **AFFIDAVIT OF SPECIAL AGENT G. RYAN ARNOLD**

I, Special Agent G. Ryan Arnold, depose and state as follows:

1.  I am a Special Agent with the United States Immigration and Customs Enforcement (ICE). I have been so employed with ICE and its predecessor agency the Immigration and Naturalization Service (INS) since 2002. Prior to that, I served as a Border Patrol Agent in Zapata, Texas from 1998 to 2002. Since joining federal law enforcement in 1998, I have been involved in multiple drug related investigations involving the illegal smuggling of cocaine, heroin, and other controlled substances. I have also received training at the Federal Law Enforcement Training Center in all aspects of drug smuggling, including the structure, organization, and operation of international drug smuggling groups, the techniques used by such persons to finance and import drugs, and the identification of documents and other records commonly generated by such operations.

2.  I am aware that drug traffickers commonly use cellular telephones in furtherance of their drug trafficking activities and frequently change cellular telephone numbers and cellular telephones in an effort to thwart law enforcement's use of electronic surveillance. I also am familiar with the manner in which narcotics traffickers use telephones, coded, veiled, or slang-filled telephone conversations, pagers, coded pager messages, and other means to facilitate their illegal activities.

I also am familiar with the vernacular or street-names for users and distributors of controlled substances and the methods by which such persons attempt to disguise the subjects of their conversations and operations.

3.  I submit this affidavit in support of a criminal complaint charging **FRANCISCO GARCIA ("GARCIA")** with illegally importing heroin, a Schedule I controlled substance, into the customs territory of the United States from a place outside thereof, in violation of 21 U.S.C. §§ 952(a) and 960.

4.  I further submit this Affidavit in support of a search warrant for the memory and software of:

    a    **a Kyocera cellular telephone, silver in color, seized from Francisco Garcia on March 14, 2005 and currently in the custody of the U.S. Department of Homeland Security, Boston, MA** ("the subject phone")

5.  The information contained in this Affidavit is based upon facts and circumstances learned by me personally and information related to me by other law enforcement officers and inspectors involved in the investigation. This affidavit does not set forth all the facts developed during the course of this investigation. Rather, it sets forth only those facts that are necessary and sufficient to establish probable cause to believe that **GARCIA** has committed the crime set forth in the accompanying Criminal Complaint and probable cause to believe that the software and memory the subject phone contains information pertaining to the heroin importation activities of **GARCIA**,

2

including, among other things, information regarding others involved in the heroin activities.

6. On March 14, 2005, **GARCIA** arrived at Boston Logan Airport from Santo Domingo, Dominican Republic, onboard American Airlines flight 2084.

7. Customs Inspectors noted that **GARCIA**'s airline ticket had been purchased with cash in Boston on March 9, 2005. They noted that **GARCIA** had left from New York on March 10, 2005, traveled to Santo Domingo, where he had stayed for four days, and then left for Boston on March 14, 2005.

8. **GARCIA** told Customs and Border Patrol [CBP] Inspectors that he had flown from Puerto Rico to New York. He stated that he went from New York to Santo Domingo to see a doctor to take care of a cyst on his back. **GARCIA** did not know the cost of his ticket, and stated the he was coming to Boston to see a friend, whom he knew as "Victor." **GARCIA** told inspectors that he had known this friend for six years, but that he did not know Victor's last name. **GARCIA** stated that he was going to deliver two bottles of liquor to Victor, at 15 Union Street, Lynn, MA, and that he was then going to New York. **GARCIA** had on his possession approximately $39.00 cash, and did not possess any credit cards. **GARCIA** stated that he had expected to take a taxi to Lynn, MA, and then a bus to New York.

9. CBP Inspectors attempted to contact Victor on the

3

telephone using a phone number obtained from **GARCIA**. On the first call, an unknown male answered the phone and said there was no Victor there. Inspectors then tried a second time. Voice mail picked up with a message indicating the Inspectors had reached "Victor's phone."

10. Inspectors asked **GARCIA** if he would consent to an x-ray and **GARCIA** agreed. Inspectors presented GARCIA with an X-Ray consent form in Spanish, which he signed. **GARCIA** was transported to Whindon Hospital, Everett, MA, for the x-ray, which revealed that he had a foreign substance in his digestive track.

11. **GARCIA** thereafter passed several pellets, one of which field tested positive for heroin. One pellet was weighed and registered approximately 12 grams.

12. **GARCIA** was advised of his Miranda rights on two separate occasions. On the second occasion the rights were read to **GARCIA** by a special agent fluent in Spanish. After the second time, **GARCIA** agreed to be interviewed. During the interview, **GARCIA** made several statements, including the facts that he had ingested fifty-three (53) pellets of heroin while in Santo Domingo, and that he expected to be paid $4,000 for the smuggling of the heroin. **GARCIA** further stated that he had called Victor and another individual he knew as "El Vararo," whom he stated recruited him to carry the drugs from his cell phone.

13. As of approximately 1:00 p.m. today, a total of 53

4

pellets have been recovered from **GARCIA**. The pellets are reasonably uniform, each having similar in size and weight. As mentioned, one pellet weighed approximately 12 grams.

14. Based upon my training and experience, I know that drug traffickers frequently use cellular telephones such as that seized from **GARCIA** to stay in touch with their associates, customers and suppliers, and to store information regarding the telephone and pager numbers of their associates, customers and suppliers. Such telephones and pagers frequently have features which permit storage of information regarding calls that have recently been placed to the telephones.

15. I believe that there is probable cause to believe that the Kyocera cellular telephone, silver in color, seized from Francisco Garcia on March 14, 2005, and currently in the custody of U.S. Department of Homeland Security, Boston, MA will contain evidence of **GARCIA's** association with others involved in conspiracy to import into the territory of the United States heroin, a schedule I controlled substance, in violation of 21 U.S.C. §§ 952 and 960. More specifically, I am seeking to search the software and memory of the subject phone pager for the following particular types of information:

    a. Any telephone numbers or other identifying information for frequently called numbers or directory of persons and/or numbers stored in the software of the subject cell phone; and

    b. Any information concerning the identity of phone

5

numbers which have called the subject phone, or which the subject phone has called, that is stored in the software of the subject phone.

16. As used in this Affidavit, the term "software and memory" refers to digital information which can be interpreted by a cellular telephone and any of its related components. Software is stored in electronic, magnetic, optical, or other digital form. It also includes any information stored on a cellular telephone including the numbers to which and from which calls to the subject cell phones have been transmitted or received. The term "information," includes all information stored on the subject cell phones and pager on any of the memory and features of the subject cell phones and pager.

17. Based upon the foregoing, and based upon my training and experience, there is probable cause to believe that the information stored in the subject phone contains information which constitute evidence and instrumentalities of the commission of a criminal offense, specifically violations of Title 21, United States Code, Sections 841((b)(1)(A)(ii) and 846.

18. I further submit, based on the foregoing, and my own experience in narcotics investigations, that there is probable cause to believe that, on March 14, 2005, in Boston, Suffolk County, in the District of Massachusetts, **GARCIA** knowingly and intentionally imported into the United States from a place outside thereof, to wit: the Dominican Republic, heroin,

6

a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a).

_____
G. Ryan Arnold
Special Agent
Immigration and Customs Enforcement

Sworn to and subscribed before me this 15th day of March 2005.

_____
JUDITH G. DEIN
United States Magistrate Judge
District of Massachusetts

**ATTACHMENT A**

1. Any telephone numbers or other identifying information for frequently called numbers or directory of persons and/or numbers stored in the software of the subject cell phones and pager; and

2. Any information concerning the identity of phone numbers which have called the cell phones, or which the cell phones have called, that is stored in the software of the subject cell phones and pager.

≋JS 45 (5/97) - (Revised USAO MA 3/25/02)

| Criminal Case Cover Sheet | U.S. District Court - District of Massachusetts |

**Place of Offense:**         Category No. _II_         Investigating Agency _U.S. ICE_

City _Boston_                 **Related Case Information:**

County _Suffolk_              Superseding Ind./ Inf. _____  Case No. _____
                              Same Defendant _____  New Defendant _____
                              Magistrate Judge Case Number _05M-1071-JGD_
                              Search Warrant Case Number _____
                              R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name _Francisco Garcia_                Juvenile  ☐ Yes  ☒ No

Alias Name _N/A_

Address _C/Laguna 343, Villa Palmeras, San Tuirce, Puerto Rico_

Birth date: _1968_   SS#: _____   Sex: _M_   Race: _Hispanic_   Nationality: _Dominican_

Defense Counsel if known: _____        Address: _____

Bar Number: _____

**U.S. Attorney Information:**

AUSA _Susan M. Poswistilo_              Bar Number if applicable _____

Interpreter: ☒ Yes  ☐ No      List language and/or dialect: _Spanish_

Matter to be SEALED: ☐ Yes  ☒ No

☐ Warrant Requested        ☐ Regular Process        ☒ In Custody

**Location Status:**

Arrest Date: _March 14, 2005_

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____   ☐ Serving Sentence   ☐ Awaiting Trial
☐ On Pretrial Release:  Ordered by _____ on _____

Charging Document:  ☒ Complaint   ☐ Information   ☐ Indictment

Total # of Counts:  ☐ Petty ____   ☐ Misdemeanor ____   ☒ Felony  _One_

Continue on Page 2 for Entry of U.S.C. Citations

☒  I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: _3/15/2005_        Signature of AUSA: _____

JS 45  (5/97) - (Revised USAO MA 3/25/02)  Page 2 of 2 or Reverse

District Court Case Number  (To be filled in by deputy  _____

Name of Defendant     Francisco Garcia  _____

U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  21/§§ 952(a), 960(a) | Importation of Heroin | 1 |
| Set 2 | | |
| Set 3 | | |
| Set 4 | | |
| Set 5 | | |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION:  _____

**District Court Case Number**  (To be filled in by deputy    _____

**Name of Defendant**    Francisco Garcia
Garcia JS45.wpd - 3/13/02